IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KENDRA BURNEY**, on behalf of herself and other similarly situated individuals,

Plaintiff(s),

v.

**APALACHEE CENTER, INC.**,

Defendant.

Case No.:

# COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KENDRA BURNEY, on behalf of herself and other similarly situated individuals ("Plaintiff"), by and through the undersigned attorney, and sues the Defendant, APALACHEE CENTER, INC., (hereinafter referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), under the common law unjust enrichment, and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the FLSA, 29 U.S.C. §210, *et. seq*. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in the City of Tallahassee, Leon County, Florida.

## PARTIES

5. Plaintiff was employed as a "Licensed Practical Nurse" ("LPN") for Defendant at Defendant's place of business located at 2634 Capital Circle, N.E., Tallahassee, Florida.

6. Defendant is a Florida Corporation which operates, conducts business, and has its headquarters in the City of Tallahassee, Leon County, Florida, and is therefore within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

7. Defendant is an organization providing individuals and families of North Florida with emotional, psychiatric, and substance abuse assistance.

8. Plaintiff worked for Defendant as an LPN.

9. Plaintiff was a fulltime employee.

10. Plaintiff worked more than forty (40) hours per week during multiple workweeks.

11. Plaintiff was eligible for overtime pay when she worked more than forty (40) hours per week.

12. Plaintiff was required to work for Defendant on the weekends handling and assisting patients and callers with a series of circumstances.

13. Plaintiff was paid to work between 10:00 a.m. and 6:00 p.m. on Saturdays and Sundays.

14. Plaintiff worked beyond 6:00 p.m. on Saturdays and Sundays.

15. Defendant was aware that Plaintiff worked beyond 6:00 p.m. on Saturdays and Sundays.

16. Plaintiff was not paid for the hours that she worked beyond 6:00 p.m. on the weekends.

17. Plaintiff worked for Defendant without being paid overtime compensation for all hours worked in excess of forty (40) hours within a work week.

18. Defendant controlled and/or was responsible for the work of Plaintiff wherein Plaintiff did not receive proper compensation of hours worked on the weekends as required by Defendant.

19. Defendant knew or had reasons to believe Plaintiff was continuing to work and did not receive proper compensation for work performed on the weekend.

20. Moreover, Plaintiff was consistently called upon by Defendant in order to assist in their call center outside the hours of a regular work week without being paid the correct overtime premium rate of time and one-half her regular rate of pay for these hours, and Plaintiff complained of these circumstances.

21. Plaintiff worked as a LPN for Defendant and was required to assist individuals and families calling into Defendant's call center with emotional, psychiatric, and substance abuse matters, as well as drive to patients' homes and administer certain medications as prescribed by their respective health care provider, and the related activities were performed in Leon County, Florida.

22. In this capacity, Plaintiff was responsible for, including, but not limited to, speaking to patients over the phone and at their place of residence, administering medications, asking a series of questions, answering their health questions, determining what level of care the patients need while ruling out serious conditions and gaging a level of acuity for the callers' symptoms, referring the patients to a proper healthcare provider or recommended course of intervention all the while providing patient support and care.

23. Plaintiff worked for the Defendant from approximately April 20, 2015 through July 21, 2016.

24. Plaintiff was initially paid $15.30per hour, thereafter receiving a pay increase to $16.00 per hour.

25. Plaintiff worked overtime hours on a weekly basis throughout her employment.

26. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for all hours worked over forty (40) hours within a work week during several weeks of employment.

27. Defendant was aware of the overtime hours worked.

28. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## **COVERAGE**

29. At all material times relevant to this action (201316)-, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

30. At all material times relevant to this action, Defendant made gross earnings of at least $500,000 annually.

31. At all material times relevant to this action, Defendant accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

32. At all material times relevant to this action, Defendant routinely ordered equipment, materials, merchandise, products, and supplies from out-of-

state vendors and/or entities (i.e., blood pressure monitors, stethoscopes, thermometers, sterilization instruments, shoe coverings, latex gloves and otherwise, syringes, hypodermic needles, etc.).

33. At all material times relevant to this action, Defendant had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., blood pressure monitors, stethoscopes, thermometers, sterilization instruments, shoe coverings, latex gloves and otherwise, syringes, hypodermic needles, etc.).

34. At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during her employment with Defendant, by working with a wide array of daily-delivered equipment, materials, merchandise, products, and supplies.

## COLLECTIVE/CLASS ALLEGATIONS

35. Class members are treated equally by Defendant.

36. Defendant currently employs over 400 individuals[1] whom were not paid proper compensation for all hours worked over forty (40) hours within a work week within the past three (3) years.

---

[1] *See* "Annual Report" at Defendant's website, http://apalacheecenter.org/annual-report/.

37. Defendant required Licensed Practical Nurses, advanced practice nurses, social workers, case managers, counselors, and peer specialists, or call center agents to work on call after hours and on the weekends similar to Plaintiff.

38. Defendant did not pay its Licensed Practical Nurses, advanced practice nurses, social workers, case managers, counselors, and peer specialists, or call center agents for the on call hours worked.

39. The on call hours worked by Defendant's Licensed Practical Nurses, advanced practice nurses, social workers, case managers, counselors, and peer specialists, or call center agents caused them to work additional overtime hours that they were not paid.

40. Defendant paid Plaintiff and the Licensed Practical Nurses, advanced practice nurses, social workers, case managers, counselors, and peer specialists, or call center agents were all paid an hourly wage.

41. Plaintiff and the class members worked in locations across seven (7) counts across the State of Florida.

42. Plaintiff and the class members were not paid proper overtime wages for all hours worked.

43. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

44. Defendant was aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

45. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

46. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

47. Plaintiff and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **All Licensed Practical Nurses, advanced practice nurses, social workers, case managers, counselors, and peer specialists, or call center agents whom worked on call hours for Defendant within the last three years.**

The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

48. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, under information and belief, is informed there are over 400 eligible individuals in the defined class.

49. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST APALACHEE CENTER, INC.**

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 49 above.

51. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

52. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

53. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

54. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

55. Also, Defendant failed to post required FLSA informational listings as required by law.

56. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, KENDRA BURNEY, on behalf of herself and other similarly situated individuals, demands judgment against APALACHEE CENTER, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff, and other similarly situated individuals, for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## UNJUST ENRICHMENT

57. Plaintiff reasserts and incorporates by reference all allegations contained within Paragraphs 1 – 49 above as if fully set forth herein.

58. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form part of the same case or controversy and arise out of a common nucleus of operative facts as her overtime wage claim.

59. Plaintiff and all other similarly situated performed uncompensated work activities during the weekend and outside business hours within one or more work weeks.

60. Plaintiff and all other similarly situated were not compensated for their work performed.

61. Plaintiff and all other similarly situated seek compensation for the time spent performing uncompensated work activities to the extent that these hours cannot be captured as part of their overtime claims in Count I, because the addition of these work hours may be *less* than forty (40) hours within a single work week.

62. Defendant accepted Plaintiff's work, and the work of all other similarly situated, but Defendant did not compensate Plaintiff and all other similarly situated for this work.

63. Defendant has been unjustly enriched as a result of accepting the work of Plaintiff and other similarly situated without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation.

**WHEREFORE**, Plaintiff, KENDRA BURNEY, on behalf of herself and other similarly situated individuals, demands judgment against APALACHEE CENTER, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff, and other similarly situated individuals, for

which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Carlos V. Leach
**Carlos V. Leach, Esq.**
FL Bar No.: 0540021
**MORGAN & MORGAN, P.A.**
20 N. Orange Avenue, 16th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245–3341
Email: CLeach@forthepeople.com
***Attorneys for Plaintiff***