UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KENDRA BURNEY,**
on behalf of herself and other
similarly situated individuals,

    **Plaintiff(s),**

v.                      CASE NO.:  4:17-cv-00129-RH-CAS

**APALACHEE CENTER, INC.,**

    **Defendant.**
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Kendra Burney and Defendant Apalachee Center, Inc., pursuant to Rule 7, Federal Rules of Civil Procedure, and Local Rule 7.1, move for approval of a settlement reached by the parties and for dismissal with prejudice of this case. In support, the parties jointly state as follows:

1.    Plaintiff filed a two-count complaint in this court against Defendant on March 14, 2017 on the basis of federal question jurisdiction. Count I sought recovery for alleged unpaid overtime compensation under the Fair Labor Standards Act, and Count II sought recovery for unjust enrichment for alleged uncompensated straight time worked by Plaintiff for Defendant (i.e., non-overtime hours).

2. Defendant disputed the number of hours of overtime and straight-time hours claimed by Plaintiff to have been uncompensated by Defendant. Defendant also disputed that any violation of the FLSA was willful, thereby limiting any liability to a two-year period.

3. Though this lawsuit was filed by Plaintiff as a putative FLSA collective action, no certification motion was filed and no plaintiffs other than Kendra Burney were joined.

4. The parties have reached a settlement, subject to this Court's approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and to retain jurisdiction for the purpose of enforcing the parties' settlement agreement.

5. Under *Lynn's Foods*, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the Court. To approve the settlement, the Court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute. If the settlement meets these standards, the Court should approve the settlement to promote the policy of encouraging settlements of litigation. *Id.*; *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

6. Under the terms of the settlement reached between the parties, the Plaintiff is to receive $2,000.00, less $528.00 tendered to Plaintiff by Defendant

presuit.  This represents approximately 40 hours of overtime accrued during Plaintiff's employment with Defendant, which employment began on April 20, 2015 and ended on July 22, 2016.  This amount was calculated using a premium hourly rate of $24.00 (Plaintiff's highest hourly wage of $16.00 per hour times one and a half for overtime) and was then doubled to include an equal amount as liquidated damages.  All hours were considered to be overtime and not straight time.  The number of hours was agreed by the parties in resolution of their dispute of the number of hours worked by Plaintiff in an "on call" capacity for Defendant and was derived from clock-in and clock-out computer records and "on-call" schedules maintained by Defendant and provided to Plaintiff.  This represents full damages for Plaintiff.

7. Defendant has also agreed to pay Plaintiff's attorney's fees and costs in the amount of $5,000.00.  The amount of Plaintiff's attorney's fees and costs to be paid by Defendant was determined separately from the amount to be paid to Plaintiff.

8. Plaintiff and Defendant have agreed on the form of a settlement agreement and release of all claims, a copy of which is attached to this motion and incorporated by reference.

9. The parties are in agreement that the settlement is fair and reasonable under the meaning of *Lynn's Foods*, and represents the compromise of a bona fide

dispute with good faith defenses from the Defendant and legitimate arguments for liability from the Plaintiff.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the parties' settlement agreement, and retaining jurisdiction for the limited purpose of enforcing the settlement agreement while dismissing with prejudice the remaining portion of this case.

Respectfully submitted this 17th day of July, 2017.

/s/ Carlos V. Leach
CARLOS V. LEACH, Esq. (FBN 0540021)
Email: cleach@forthepeople.com
Morgan & Morgan, P.A.
20 N. Orange Ave., 4th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
*Attorney for Plaintiff Kendra Burney*

/s/ Thomas A. Crabb
THOMAS A. CRABB (FBN 25846)
Email: tcrabb@radeylaw.com
ANGELA D. MILES (FBN 72495)
Email: amiles@radeylaw.com
Radey Law Firm
301 S. Bronough Street, Suite 200
Tallahassee, Florida  32301-1722
Telephone: (850) 425-6654
Facsimile: (850) 425-6694
*Attorneys For Defendant*
*Apalachee Center, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court on this 17th day of July, 2017, using the CM/ECF system.

                                                    /s/ Thomas A. Crabb